**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **MONUMENT PEAK VENTURES, LLC** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:24cv11-RWS-JBB** |
| | § | |
| **TCL ELECTRONICS HOLDINGS LTD. ET AL** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. §636. Before the Court is the following pending motion:

> **TCL Electronics Holdings Ltd. Defendants' Motion to Dismiss for Improper Service and Failure to State a Claim (Dkt. No. 12).**

The undersigned, having reviewed the relevant briefing and hearing arguments of counsel on May 15, 2024, recommends the motion be **DENIED.**

## I. Background

Plaintiff Monument Peak Ventures, LLC ("Plaintiff") filed this lawsuit on January 22, 2024, alleging that certain TCL-branded smartphones infringed two patents: U.S. Patent No. 7,092,573 (the "'573 Patent"), and U.S. Patent No. 7,683,962 (the "'962 Patent"). Dkt. No. 1. Plaintiff filed its complaint against eight defendants: TCL Electronics Holdings Ltd. f/k/a TCL Multimedia Technology Holdings, Ltd.; TCL Technology Group Corporation; TCL Industries Holdings Co., Ltd.; TCL Communication Technology Holdings Limited; TCT Mobile Worldwide

Ltd.; TCT Mobile International Ltd.; Huizhou TCL Mobile Communication Co. Ltd.; and TCL Communication Ltd. (collectively, "Defendants"). *Id.* at 1.

TCL Electronics Holdings Ltd., TCT Mobile Worldwide Ltd., and TCT Mobile International Ltd (collectively, "Hong Kong Defendants") all have places of business in Hong Kong SAR. *Id.*, ¶¶ 3, 7, 8. TCL Technology Group Corporation, TCL Industries Holdings Co., Ltd., Huizhou TCL Mobile Communication Co. Ltd., and TCL Communication Ltd. (collectively, "PRC Defendants") are entities organized and existing in the People's Republic of China ("PRC"). *Id.*, ¶¶ 4, 5, 9, 10. TCL Communication Technology Holdings Limited is alleged to be incorporated under the laws of the Cayman Islands, with its principal place of business in Hong Kong.[1] *Id.*, ¶ 3. Plaintiff alleges Defendants are "agents of one another and work in concert together as a business group to make, use, offer to sell, or sell any patented invention within the United States, or import into the United States infringing products, including smartphones, in the United States, including in Texas and this judicial district." *Id.*, ¶ 2.

On February 13, 2024, Plaintiff issued a summons and a copy of the original complaint to Hong Kong Defendants and TCL Communication Technology Holdings Limited through the Texas Secretary of State. Dkt. No. 15-1, ¶ 3. These documents were forwarded via certified mail, return receipt requested, to each entity. *Id.* ¶12. The Texas Secretary of State received a return of service from TCT Mobile Worldwide Ltd. with a notation of "Return to Sender, Incomplete Address" on April 3, 2024. *Id.*, ¶ 13. On April 8, 2024, the Texas Secretary of State received a return of service from TCT Mobile International Ltd. with a notation of "Return, Moved." *Id.*, ¶ 14. The Texas Secretary of State then issued a Return of Service for these two entities. *Id.*, ¶¶ 15-

[1] In its complaint, Plaintiff claims that this company is "organized and existing under the laws of the Cayman Islands or China with its principal place of business at…P.R. China[.]" Dkt. No. 1, ¶ 6. In Plaintiff's brief, Plaintiff asserts that this company is based in Hong Kong. *See* Dkt. No. 15 at 5. However, in its surreply, Plaintiff argues that this company is based in the Cayman Islands. Dkt. No. 27 at 4.

16; *see* Dkt. No. 15-2 at 2-3, 4-5. The Secretary of State has yet to issue a return of service or certificate for TCL Electronics Holdings Ltd.

On February 13, 2024, Plaintiff sent copies of the summons, complaint, and waiver of service via Federal Express to the remaining PRC Defendants. Dkt. No. 15-1, ¶ 4. The packages were received in China at the Federal Express facilities on February 18, 2024, and were scheduled for delivery on February 19, 2024. *Id.,* ¶ 6. On February 19, 2024, Federal Express made the first attempt at delivery at each of the addresses and was unsuccessful because the delivery employees were unable to gain access to the facilities to deliver the packages. *Id.*, ¶ 7. On February 20, 2024, Federal Express contacted Plaintiff and requested telephone numbers for each of the four Chinese entities they were attempting to serve. *Id.*, ¶ 8. Plaintiff provided the phone numbers; however, Federal Express was unable to reach anyone specific to deliver the packages to for each location. *Id.* On February 22, 2024, additional attempts to contact and deliver the packages were unsuccessful. *Id.*, ¶ 9. On March 7, 2024, Federal Express instructed Plaintiff that it "had no further way of contacting these entities and to suspend service of these packages." *Id.*, ¶ 10. According to Defendants, none of them have been served with judicial documents by Plaintiff.

On April 3, 2024, Defendants filed this motion requesting the Court dismiss the action for (1) insufficient service of process; and (2) failure to state a claim. Dkt. No. 12. Defendants assert they are foreign entities based in China and Hong Kong and these two countries have objected to the service of judicial documents by mail; as such, they argue that Plaintiff's attempted service is improper. *Id.* at 10-11. Defendants further assert any indirect infringement claims should be dismissed. *Id.* at 11-12.

## II. Legal Standards

**Rule 12(b)(5)**

Federal Rule of Civil Procedure 12(b)(5) allows a party to file a motion to dismiss a claim if service of process is not completed in the proper manner. FED. R. CIV. P. 12(b)(5). A motion to dismiss under Federal Rule of Procedure Rule 12(b)(5) "turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.,* 213 Fed. Appx. 343, 344 (5th Cir. 2007). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc*., 959 F.2d 1344, 1346 (5th Cir.1992)). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process[.]" *George v. U.S. Dep't of Lab.*, *Occupational Safety & Health Admin*., 788 F.2d 1115, 1116 (5th Cir. 1986) (citing *C & L Farms v. Federal Crop Insurance Corp.*, 771 F.2d 407 (8th Cir.1985)).

"Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *WorldVentures Holdings, LLC v. Mavie,* No. 4:18CV393, 2018 WL 6523306, at *5 (E.D. Tex. Dec. 12, 2018) (quoting FED. R. CIV. P. 4(m)). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin v. Par Pharm. Companies, Inc*., 289 Fed. Appx. 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir.1995)).

**Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Pfang v. Lamar Inst. of Tech.*, No. 1:23-CV-93, 2023 WL 5017204, at *8 (E.D. Tex. Aug. 5, 2023) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002); also citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face")). Such a motion is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Id*. (quoting *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020)).

In evaluating motions to dismiss filed under Rule 12(b)(6), the court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Id*. (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)).

## III. Discussion

### A. Service of Process

### 1. Applicable law

***Serving Foreign Corporations***

The process of serving documents under Rule 4 essentially refers to the "formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). Under Federal Rule of

Civil Procedure 4(h), a foreign corporation served abroad must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h). Rule 4(f) provides that a foreign corporation may be served abroad "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f).

The Hague Service Convention is a multilateral treaty intended to "simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017). The Hague Service Convention applies to "all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Convention Done at the Hague Nov. 15, 1965, art 1, Feb. 10, 1969, 20 U.S.T. 361. As such, "[c]ompliance with the Hague Convention is mandatory when the requested method of serving process is effectuated within the territory of the foreign signatory." *Vista Peak Ventures, LLC v. Hisense Co.,* No. 2:21-CV-00260-JRG, 2021 WL 6774883, at *2 (E.D. Tex. Nov. 24, 2021) (citing *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 699).

***Alternative Service***

Rule 4(f)(3) allows a party to use an alternative method of service if the party "(1) obtains permission of the court and (2) the method is not prohibited by international agreement." *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6-20-CV-00952-ADA, 2021 WL 2870679, at *2 (W.D. Tex. July 8, 2021) (citing Fed. R. Civ. P. 4(f)(3)). Courts have broad discretion in determining requests for alternative services. *Network Sys. Techs., LLC v. Texas Instruments Inc.*, No. 2:22-CV-000482-RWS, 2023 WL 2743568 *3 (E.D. Tex. Mar. 31, 2023). A Court can invoke Rule 4(f)(3) when "special circumstances have justified departure from the more conventional

means of service." *WSOU Invs. LLC v. Oneplus Tech. (Shenzhen) Co.,* No. 6:22-CV-00135-ADA, 2022 WL 4126007, *5 (W.D. Tex. Sept. 9, 2022) (quoting *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021)).

**2. Analysis**

***Hong Kong Defendants***

Defendants assert Plaintiff's attempted service through the Texas Secretary of State was inadequate under the Hague Service Convention for entities located in Hong Kong. Dkt. No. 12 at 10. Specifically, Defendants maintain that because the Texas Secretary of State mailed the notice of service, this method goes against Hong Kong's apparent objection to service by mail. *Id.* Plaintiff disagrees and contends that Hong Kong does *not* object to service by international registered mail; as such, the Hong Kong Defendants were served correctly under Texas and international law. Dkt. No. 15 at 5.

Hong Kong is a signatory to the Hague Convention. *See Freedom Pats. LLC v. TCL Elecs. Holding Ltd.*, No. 4:23-CV-00420, 2023 WL 7414144, at *5 (E.D. Tex. Nov. 9, 2023). Contrary to Defendant's contentions, Hong Kong allows the sending of judicial documents directly to persons within their jurisdiction through postal channels. *Id.*; *Vista Peak Ventures, LLC*, 2021 WL 6774883 at *3; *see also* Dkt. No. 12-3 (printout from Hong Kong Judicial Assistance Information explaining under the "Service of Process" section that, while "Hong Kong advises that service by the [Hague] Convention is the preferred method," "Hong Kong did not make any reservations with respect to service by international registered mail or service by agent."). Service through the Texas Secretary of State, which requires the Secretary to immediately mail a copy of the process to the nonresident, therefore complies with the Hague Convention under the Hong Kong Defendants. *Freedom Patents*, 2023 WL 7414144, at *5.

Because Plaintiff was permitted to send judicial documents to the Hong Kong Defendants through the Texas Secretary of State, Plaintiff effectuated services as long as the service of process through the Texas Secretary of State was established. Under Texas law, service has been established if a plaintiff is provided with a certificate from the Secretary of State detailing its forwarding process to a defendant. *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 465 (Tex. 2004).

Here, Plaintiff received a certificate from the Texas Secretary of State for TCT Mobile Worldwide Ltd. and TCT Mobile International Ltd. Both certificates state that the Secretary of State forwarded the documents to each Defendant. Dkt. No. 15-2. However, the documents were returned to the Secretary of State's office. *Id.* The certificate for TCT Mobile Worldwide Ltd. stated that the process was returned bearing the notation "Return to Sender, Incomplete Address." *Id* at 2-3. The certificate for TCT Mobile International Ltd. indicated that the judicial documents were sent back to the Secretary of State because the Defendant had "Moved." *Id.* at 4-5. Although Plaintiff contends this is evidence of service, this is actually evidence that TCT Mobile Worldwide Ltd. and TCT Mobile International Ltd. were not served.

Relying on *Freedom Patents*, Plaintiff argues that the two certificates are sufficient to show that service was complete. Dkt. No. 38 (Transcript) at 31:18-21. In *Freedom Patents*, the court accepted certificates of service from the Texas Secretary of State as evidence of service. 2023 WL 7414144, at *5. There, the certificates indicated that the Secretary of State sent the summons and original complaint to the nonresident defendants. *Id.* Unlike *Freedom Patents*, the evidence in this case indicates that the judicial documents were not received by TCT Mobile Worldwide Ltd. and

TCT Mobile International Ltd. Dkt. No. 27 at 3. As such, there is no evidence that TCT Mobile Worldwide Ltd. and TCT Mobile International Ltd. were served.[2]

Nevertheless, this matter is still in the early stages of litigation, and the Court finds good cause to allow Plaintiff additional time to properly serve the Hong Kong Defendants through the Texas Secretary of State. Establishing good cause typically requires evidence of some "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Lambert*, 44 F.3d at 299 (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). When evaluating whether "good cause" exists, the Court looks at plaintiff's actions within a specific period of time. *Winters*, 776 F.2d at 1306.

Plaintiff filed this lawsuit on January 22, 2024. *See* Dkt. No. 1. Service was attempted through the Texas Secretary of State on February 13, 2024, which is within the 90-day period. Dkt. No. 15-1, ¶ 3. As discussed above, Plaintiff's attempt was met with failure. However, this failure was not due to a total lack of diligence because Plaintiff reasonably chose to use addresses that were listed for Defendants in other previous litigations. Dkt. No. 38 (Transcript) 26:3-7. Plaintiff attempted to serve Defendants under the belief that these were the correct addresses. *Ganpat v. E. Pac. Shipping, PTE. LTD.,* 434 F. Supp. 3d 441, 462 (E.D. La. 2020). Plaintiff has since taken action to obtain the correct addresses. Dkt. No. 38 (Transcript) 24:14-19. Accordingly, Plaintiff has made a good faith effort, and good cause exists to extend the time for service as to the Hong Kong Defendants.[3]

---

[2] There was no return certificate sent to Plaintiff by the Texas Secretary of State with respect to TCL Electronics Holdings Ltd. As such, TCL Electronics Holdings Ltd. was not properly served either.

[3] The parties are encouraged to discuss waiver of service to avoid unnecessary delays or expenses as to the Hong Kong Defendants.

***PRC Defendants***

Plaintiff attempted to send summons, copies of the Complaint, and requests for waiver of service via FedEx to the PRC Defendants. As noted above, Plaintiff did not receive a response. Absent a waiver of service, formal service has not been made upon PRC Defendants. *See* FED. R. CIV. P. 4, Adv. Comm. Notes, 1993 Amendments ("The revised rule is clear that, if the waiver is not returned and filed…the action will not otherwise proceed until formal service of process is effected."). However, Plaintiff asserts dismissal under Rule 12(b)(5) is premature because proper service on the PRC Defendants, and TCL Electronics Holdings Ltd., may still be attained through alternative service.[4] Specifically, Plaintiff requests the Court to permit alternative service upon Defendants' counsel. Dkt. No. 15 at 6.

Considering the cost and delay of serving under the Hague, Plaintiff's efforts to put PRC Defendants on notice of the lawsuit, and the fact that the case will presumably proceed against the related Hong Kong entities, Plaintiff's request for alternative service is granted.

First, Plaintiff maintains that service through the Hague, which would require the added cost of English-to-Chinese translation, would likely delay service by six months. Dkt. No. 15 at 7. And because China objects to service by mail, the more expedient methods of service that are available under the Hague are not an option for PRC Defendants. "[C]ourts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. July 2, 2014) (quoting *GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y.2012)). Generally, a "multi-month delay of service under the Hague

[4] As to the TCL Electronics Holdings Ltd., during the hearing, Plaintiffs conceded that this Defendant has not been served. *See* Dkt. No. 38 (Transcript) at 7-8. Therefore, this Defendant is included in Plaintiff's request for alternative service.

Convention supports a grant of alternative service under Rule 4(f)(3)." *Element Cap. Com. Co. Pte. Ltd. v. BOE Tech. Grp. Co.,* No. 2:22-CV-00118-JRG, 2022 WL 4368162 (E.D. Tex. Sept. 21, 2022).

While this cost and delay weigh in favor of granting alternative service, they are only initial considerations.[5] *MyChoice, LLC v. Taiv, Inc*., No. 2:23-CV-507-JRG-RSP, 2024 WL 69063, *2-3 (E.D. Tex. Jan. 4, 2024) ("The Court finds that delay alone does not demonstrate for this case that alternative service of process is warranted at this time."); *In re OnePlus Tech.,* 2021 WL 4130643, *4 (expressing concern about allowing alternative service "based *solely* on the fact that service under the Hague Convention is more cumbersome than more informal means of service" (emphasis added)). Courts typically consider "special circumstances," in addition to cost and delay, that justify allowing service under Rule 4(f)3. *Freedom Patents*, 2023 WL 7414144, at *3 (citing *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co. Ltd*., No. 2:21-CV-00378, 2022 WL 1271706, at *2 (E.D. Tex. Apr. 28, 2022)); *In re OnePlus Tech.*, 2021 WL 4130643, at *3.

Here, the special circumstances first center on Plaintiff's multiple attempts to put the PRC Defendants on notice of the lawsuit. After Plaintiff's attempts at service by mail failed, presumably due to incorrect addresses, Plaintiff tried to obtain the correct addresses. At the hearing, Plaintiff explained that it used documents from corporate documents and previous lawsuits involving Defendants. Dkt. No. 38 (Transcript) 26:3-7. After being informed the addresses may be wrong, Plaintiff asked Defendants for the correct addresses and even served interrogatories requesting that information. *Id.* at 29:5-18. By the hearing, Defendants' counsel had still not confirmed the correct

[5] Courts have broad discretion in determining requests for alternative service, however, this Court does not intend "to order alternative service in every case in which more conventional means of service would be merely inconvenient[.]" *In re OnePlus Tech. (Shenzhen) Co., Ltd*., No. 2021-165, 2021 WL 4130643, *4 (Fed. Cir. Sept. 10, 2021).

addresses.[6] The undersigned instructed Defendants' counsel to provide the correct addresses for all the Defendants (Hong Kong and PRC) to avoid an unnecessary game of "whack-a-mole." Dkt. No. 38 (Transcript) at 41:3-16.

Such efforts to serve Defendants, when considered with the cost and delay of service through the Hague, have been found sufficient to grant a request for alternative service in similar cases. *See, e.g.*, *In re OnePlus Tech.*, 2021 WL 4130643, at *3 ("some courts, in the exercise of their discretion, have looked to whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means…"); *Orange Electronic Co. Ltd. v. Autel Intelligent Technology Corp., Ltd.*, 2022 WL 4125075, *3 (E.D. Tex. 2022) (relying on cost and delay of service under Hague, *along with* plaintiff's multiple attempts to serve defendants, to allow alternative service); *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-CV-00043-JRG, 2021 WL 9095765, at *4 (E.D. Tex. Nov. 2, 2021) (similar). Defendants criticize Plaintiff's service by mail attempts as not compliant with the Hague Convention for the PRC Defendants, however, there is no "exhaustion requirement" that forces a party to attempt service through other provisions of Rule 4(f) before invoking Rule 4(f)(3). *In re BRF S.A. Sec. Litig.*, No. 18-CV-2213 (PKC), 2019 WL 257971, at *2 (S.D.N.Y. Jan. 18, 2019); *see also Affinity Labs of Texas, LLC*, No. WA:13-CV-369, 2014 WL 11342502, at *1 ("[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'").

That the case will presumably proceed against the Hong Kong Defendants presents additional "special circumstances." Plaintiffs allege, and Defendants do not contest, that the Hong

[6] During the hearing, Defendant's counsel stated the following: "We said that we would provide correct addresses for every Defendant as long as Plaintiff made efforts to properly effectuate service on each of the Defendants." Dkt. No. 38 (Transcript) at 35:10-12. Defendants' counsel also confirmed that the correct addresses for Defendants could be found on TCL's website, ISO records for manufacturing standards, or US Patent and Trademark Office assignment records. *Id.*at 18:9-12; 35:1-9.

Kong and PRC Defendants are related entities (i.e., agents of one another and work in concert together as a business group), who are represented by the same U.S.-based counsel. To require Plaintiff to serve PRC Defendants through the Hague while the case proceeds against the Hong Kong Defendants would delay one part of this litigation without any proffered benefit. Thus, alternative service is further warranted in this situation.

The only question left relates to due process concerns. As noted, this case will presumably proceed against the Hong Kong Defendants, who are related entities to the PRC Defendants, all of whom are represented by the same U.S. counsel. This sufficiently erases any "material doubt," that Defendants will have notice of this suit while avoiding further delay and expense. *WorldVentures Holdings*, 2018 WL 6523306, at *14.

For the above reasons, Plaintiff's request for alternative service is granted.

**B. Failure to State a Claim**

**1. Applicable law**

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To succeed in this claim, the plaintiff must show that the defendant (1) knowingly induced direct infringement and (2) possessed "specific intent" to induce that infringement. *See MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp*., 420 F.3d 1369, 1378 (Fed. Cir. 2005). There are two types of indirect infringement: induced infringement and contributory infringement. *See* 35 U.S.C. § 271(b), (c).

Both types of indirect infringement include a "knowledge of the patent" element, whether pre-suit or post-suit (i.e., knowledge provided by the filing of the lawsuit). *Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1364 (Fed. Cir. 2016); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) (holding that "the same knowledge [of the existence of the patent] is needed for induced infringement under § 271(b)" and "for contributory infringement under § 271(c)).")

**2. Analysis**

Defendants request the Court dismiss Plaintiff's indirect infringement claims because the complaint does not allege "facts plausibly showing that any of the Defendants had pre-suit knowledge of the Asserted Patents or knew that another party's acts constituted infringement." Dkt. No. 12 at 6. But, as Plaintiff explains, its statements in the complaint are sufficient to allege indirect infringement. Dkt. No. 15 at 7 (citing *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-CV-00181-JRG, 2021 WL 6618529, at *6 (E.D. Tex.Nov. 30, 2021) (for the proposition that the statements in the complaint can "provide[] Defendants the requisite notice of the Asserted Patents to support a claim of indirect infringement at least as of the time the Complaint was filed.").[7]

Regarding Defendants' knowledge of the '962 Patent, the complaint alleges that "TCL has knowledge of the '962 Patent and its indirect infringement since at least the filing of this lawsuit when TCL was notified of the Asserted Patents and its infringement." Dkt. No. 1, ¶ 80. Such a statement is "a sufficient basis to allege the knowledge and intent necessary to sustain allegations of indirect infringement." *See InMotion Imagery Techs., LLC v. Imation Corp., No*. 2:12-CV-298-JRG, 2013 WL 1279055, *5 (E.D. Tex. Mar. 26, 2013); *see also Pat. Harbor, LLC v. DreamWorks Animation SKG, Inc*., No. 6:11-CV-229, 2012 WL 9864381 (E.D. Tex. July 27, 2012) (recognizing that plaintiff sufficiently pled knowledge of the patent-in-suit because the complaint stated the following: "Defendants have actual notice of the '514 patent at least as early as the filing of this Original Complaint."); *Script Sec. Sols. L.L.C. v. Amazon.com, Inc*., 170 F. Supp. 3d 928, 938 (E.D. Tex. 2016) (concluding that the complaint filing was sufficient to provide a defendant with post-

[7] During the hearing, Plaintiff clarified that the allegations were limited to inducement under § 271(b) concerning the '962 Patent. *See* Dkt. No. 38 (Transcript) at 22:10-16.

suit knowledge of the asserted patents). Accordingly, Plaintiff has adequately stated a claim for induced infringement as to the ’962 Patent.

Further, Defendants failed to provide any persuasive authority to support their argument that pre-suit knowledge is accomplished only if Defendants are properly served, or some rule requiring more than pleading knowledge. Additionally, since this is a motion to dismiss, assessing whether service actually occurred would go beyond the motion to dismiss standard. *Lifetime Indus., Inc. v. Trim-Lok, Inc.,* 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1343 (Fed. Cir. 2012) (stating that there is “no requirement for [a plaintiff] to ‘prove its case at the pleading stage.’”). The place to test factual assertions for deficiency and against conflicting evidence is at summary judgment or trial, not a motion to dismiss. Even if the truth regarding service seems doubtful, dismissal for failure to state a claim is not the correct vehicle for determining this issue. Accordingly, Plaintiff’s allegation of post-suit knowledge of the ‘962 Patent suffices to defeat Defendant’s motion to dismiss.

## IV. Recommendation

For the above reasons, it is

**RECOMMENDED** that Defendants’ Motion to Dismiss for Improper Service and Failure to State a Claim (Dkt. No. 12) be **DENIED**. It is further

**RECOMMENDED** that the Court (1) order Plaintiffs to serve the Hong Kong Defendants, within **45 days** from the date of any Order Adopting this Report and Recommendation; and (2) allow service on Defendants’ counsel for the PRC Defendants and TCL Electronic Holdings Ltd.

Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 11th day of June, 2024.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE