IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MONUMENT PEAK VENTURES, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:24-CV-11-RWS-JBB |
| TCL ELECTRONICS HOLDINGS LTD., *ET AL.*, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, recommending that Defendants TCL's[1] Motion to Dismiss for Improper Service and Failure to State a Claim (Docket No. 12) be denied. Docket No. 41. TCL filed an objection to the Magistrate Judge's Report (Docket No. 45), to which Plaintiff Monument Peak Ventures, LLC responded (Docket No. 46). For the reasons set forth below, TCL's objections (Docket No. 45) are **OVERRULED** and TCL's motion to dismiss (Docket No. 12) is **DENIED**.

## BACKGROUND

Plaintiff filed the above-captioned patent infringement action alleging that certain TCL-branded smartphones infringed two patents: U.S. Patent No. 7,092,573 (the " '573 Patent") and U.S. Patent No. 7,683,962 (the " '962 Patent"). Docket No. 1. TCL filed a motion to dismiss the complaint for (1) failure to serve, alleging that Plaintiff did not adequately serve the Defendants

---

[1] "TCL" or "Defendants" refers to TCL Electronics Holdings Ltd. f/k/a TCL Multimedia Technology Holdings, Ltd.; TCL Technology Group Corporation; TCL Industries Holdings Co., Ltd.; TCL Communication Technology Holdings Limited; TCT Mobile Worldwide Ltd.; TCT Mobile International Ltd.; Huizhou TCL Mobile Communication Co. Ltd.; and TCL Communication Ltd, collectively.

in China ("PRC") and Hong Kong—which have objected to service by mail—and for (2) failure to state a claim, arguing that Plaintiff's insufficiently pleaded their indirect infringement claim. Docket No. 12. The motion was fully briefed, and the Magistrate Judge held a hearing. Docket Nos. 15, 17, 27, 38.

The Magistrate Judge entered a Report recommending that Defendant's motion be denied. Docket No. 41. The Magistrate Judge first considered whether the Defendants in this case were served correctly. *Id.* at 5–13. The Magistrate Judge determined that Plaintiff was permitted to send judicial documents to the Hong Kong Defendants[2] through the Texas Secretary of State—but determined that the process was not complete. *Id.* at 8. The Magistrate Judge explained that Plaintiff received a certificate from the Texas Secretary of State for TCT Mobile Worldwide Ltd. and TCT Mobile International Ltd. detailing the forwarding process. *Id.* A return of service was received for TCT Mobile Worldwide Ltd., bearing the notation "Return to Sender, Incomplete Address." *Id.* A return of service was also received for TCT Mobile International Ltd., indicating that the judicial documents were sent back to the Secretary of State because that Defendant had "Moved." *Id*. Since these documents clearly stated that they were not sent to these Defendants and no return of service or certificate was issued for TCL Electronics Holdings Ltd, the Magistrate Judge determined that the process of service as to the Hong Kong Defendants was not completed. *Id.* The Magistrate Judge, however, concluded that there was good cause to allow Plaintiff additional time to properly serve the Hong Kong Defendants through the Texas Secretary of State as Plaintiff made a good faith effort to serve the Hong Kong Defendants. *Id.* at 8–9.

---

[2] The "Hong Kong Defendants" refer to TCL Electronics Holdings Ltd., TCT Mobile Worldwide Ltd., and TCT Mobile International Ltd.

The Magistrate Judge then moved to the PRC Defendants[3] and granted Plaintiff's request for alternative service. *Id.* at 10–13. The Magistrate Judge explained that, first, cost and delay weighed in favor of granting this motion because the cost of English-to-Chinese translation would likely delay service by six months. *Id.* at 10. Second, the Magistrate Judge determined that this case presented "special circumstances." *Id.* The Magistrate Judge noted Plaintiff's multiple attempts to put the PRC Defendants on notice of the lawsuit also weighed in favor of granting their request. *Id.* at 11–12. Further, Plaintiffs alleged, and Defendants did not contest, that the Hong Kong and PRC Defendants were related entities, represented by the same U.S.-based counsel. *Id.* at 12–13. The Magistrate Judge determined that to require Plaintiff to serve PRC Defendants through the Hague while the case proceeds against the Hong Kong Defendants would delay one part of this litigation without any proffered benefit. *Id.* at 13.

As to the 12(b)(6) motion, the Magistrate Judge concluded that Plaintiff had adequately stated a claim for indirect infringement, as Plaintiff specifically pleaded that "TCL had knowledge of the [Asserted] Patent and its indirect infringement since at least the filing of this lawsuit." Docket No. 41 at 14–15. The Magistrate Judge explained that TCL had failed to provide any authority that presuit knowledge can only be accomplished through proper service. *Id.* The Magistrate Judge further concluded that if service was not proper or there if the "truth regarding service seems doubtful" such that there is no presuit or time-of-filing suit knowledge of the patents as required for indirect infringement, then "dismissal for failure to state a claim is not correct vehicle for determining this issue" as "conflicting evidence" is best weighed "at summary judgment or trial." *Id.*

---

[3] The "PRC Defendants" refer to TCL Technology Group Corporation, TCL Industries Holdings Co., Ltd., Huizhou TCL Mobile Communication Co. Ltd., and TCL Communication Ltd.

## LEGAL STANDARD

The Court must conduct a *de novo* review of all portions of the Magistrate Judge's report that a party has properly objected to. *See* 28 U.S.C. § 636(b)(1)(C) (The district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). For the unobjected-to portions of the Magistrate Judge's report, however, parties are barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021). Where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## ANALYSIS

TCL only objects to the portion of the Magistrate Judge's Report granting alternative service for the PRC Defendants. Docket No. 45 at 5. According to TCL, the report "fails to realize that Plaintiff's 'efforts' to obtain a waiver of service for the PRC Defendants are not 'special circumstances' sufficient to warrant alternative service under Fed. R. Civ. P. 4(f)(3)." *Id.* TCL argues that the Report did not address how Plaintiff failed to attempt conventional service under the Hague before seeking alternative service. *Id.* at 6. TCL also argues that Plaintiff's "faulty attempts" to obtain a waiver of service could not have put the PRC Defendants on notice of the lawsuit. *Id.* TCL asserts that because Plaintiff did not seek the service of the PRC Defendants through conventional means or the Hague, its efforts did not amount to " 'significant steps' justifying the 'special circumstances' required to institute alternative service." *Id*. at 7. Finally,

TCL argues that, according to *MyChoice*, Plaintiff must reasonably attempt to effectuate service on Defendant by conventional means before a Court can grant a request for alternative service. *Id.* (citing *MyChoice, LLC v. Taiv, Inc.*, No. 2:23-CV-507-JRG-RSP, 2024 WL 69063, *3 (E.D. Tex. Jan. 4, 2024)).

Contrary to TCL's assertions, Plaintiff was not required to effectuate service on the Defendants by conventional means for the Court to recommend alternative service. As explained by the Federal Circuit in *In re OnePlus Technology (Shenzhen) Co., Ltd.*:

> [W]hile some courts, in the exercise of their discretion, have looked to whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means and have required a showing that the circumstances render the court's intervention necessary, "those considerations guide the exercise of discretion, and are not akin to an exhaustion requirement."

No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (quoting *In re BRF S.A. Sec. Litig.*, No. 18-cv-2213, 2019 WL 257971, at *2 (S.D.N.Y. Jan. 18, 2019)). Indeed, even *MyChoice* contemplates that Rule 4(f)(3) may be proper before conventional service occurs. *See* 2024 WL 69063, at *3 (noting Rule 4(f)(3) may be proper "due to delay *and expense of conventional means of service in conjunction with other special circumstances*" (emphasis added)). However, "a showing of more than mere convenience is necessary" before a court may order alternative service. *Id.*

Here, the Magistrate Judge correctly considered the "special circumstances" as well as Plaintiff's attempts to effectuate service. For example, Plaintiff "attempted to send summons, copies of the Complaint, and requests for waiver of service via FedEx to the PRC Defendants." Docket No. 41 at 10. Despite Plaintiff being unsuccessful in obtaining a waiver of service from the Defendants, the Report acknowledged similar cases found such efforts weighed in favor of granting alternative service "when considered with the cost and delay of service through the Hague." *Id.* The Magistrate Judge specifically referenced the (1) delay due to service through

Hague, (2) the cost of Chinese to English translations, as well as (3) China's objection to service by mail. *Id.* The Magistrate Judge also explained that "[t]o require Plaintiff to serve PRC Defendants through the Hague while the case proceeds against the Hong Kong Defendants would delay one part of this litigation without any proffered benefit"—concluding that the Court's intervention is necessary. *Id.* at 13. The Magistrate Judge not only correctly exercised discretion granted under Rule 4(f)(3) and *OnePlus*, but also correctly identified the special circumstances in this case that render alternative service appropriate.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Defendants objected (*see* 28 U.S.C. § 636(b)(1)(C)) and a clear error review of the unobjected-to portions of the Magistrate Judge's Report, and the Court has determined that the Report of the Magistrate Judge is correct. Accordingly, it is

**ORDERED** that Defendants' objection (Docket No. 45) is **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 41) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendants' Motion to Dismiss for Improper Service Under Fed. R. Civ. P. 12(b)(5) and for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) (Docket No. 12) is **DENIED**.

**So ORDERED and SIGNED this 19th day of August, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE